**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **KENNETH JAMES MERIWETHER** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:15-CV-862-N-BH |
| ) | |
| **ABC TRAINING/SAFETY COUNCIL** ) | |
| **TEXAS GULF COAST CHAPTER** ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se in forma pauperis* case has been automatically referred for full case management. Based on the relevant filings and applicable law, this case should be **DISMISSED**.

**I. BACKGROUND**

On March 18, 2015, Kenneth James Meriwether (Plaintiff) filed this *pro se* case against ABC Training/Safety Council Texas Gulf Chapter (Defendant) for violations of the Americans with Disabilities Act (ADA). (doc. 2 at 1.)[1] He claims that Defendant is a "third party" that performs safety certification in the "computer rooms" at its private facility. (doc. 12 at 3, 6.)[2] Once an individual completes and passes the safety certification test, he will receive a "safety card, which is needed to enter into [Dow Chemical's] plant to work." (*Id*. at 2.) Plaintiff alleges that Defendant denied him reasonable accommodation during testing for a safety certification required for his employment at Dow Chemical on February 19, 2013, by refusing to read him the test questions due to his dyslexia. (*Id*. at 1.)

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] The plaintiff's verified answers to a magistrate judge's questionnaire constitute an amendment to his complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) against Defendant. (*Id*. at 8.) On February 27, 2015, he received notice that his claim had been denied because there was "no employee/employer relationship." (doc. 2 at 2.)

## II. PRELIMINARY SCREENING

Plaintiff's claims are subject to screening under 28 U.S.C. § 1915(e)(2)(B) because he has been permitted to proceed *in forma pauperis*. That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 667-70 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## III. ADA CLAIMS

Plaintiff generally cites to the "Americans Disabilities Act of 1990" as the basis for his lawsuit. (doc. 2 at 1.)

The ADA is a civil statute prohibiting disability discrimination in certain situations and is divided into three main sections. 42 U.S.C. §§ 12111-213. Title I of the ADA covers discrimination

2

against the disabled regarding employment decisions and hiring. 42 U.S.C. §§ 12111-17; *see Scott v. JP Morgan Chase Bank*, 373 F. App'x 528 (5th Cir. 2010). Title II of the ADA covers disability discrimination by public entities, such as state or local governments. 42 U.S.C. §§ 12132-65; *see Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000). Title III of the ADA covers discrimination against the disabled regarding public accommodations and services operated by private entities. 42 U.S.C. §§ 12181-12189; *see Neff v. Am. Dairy Queen, Inc.*, 879 F. Supp. 57, 59 (W.D. Tex. 1994).

**A.     Title I**

Plaintiff alleges that Defendant's failure to accommodate his disability directly impacted his employment (doc. 2 at 1), and he attaches to his complaint a "Dismissal and Notice of Suit Rights" (*id.* at 2-4) from the EEOC, which only has jurisdiction over Title I claims. *See* 29 C.F.R. § 1640.7. Plaintiff alleges that Defendant is a "third-party" testing facility that is not his employer or a labor union. (doc. 12 at 6.) To the extent he sues under Title I of the ADA, he fails to state a claim under Title I of the ADA because he does not have an employer-employee relationship with Defendant. *See* 42 U.S.C. §§ 12111(2),(4)-(5), 12112(a) (explaining that Title I claims apply only to "covered entities" defined as "an employer, employment agency, labor organization, or joint labor-management committee").

**B.     Title III**[3]

Liberally construing Plaintiff's claims, it appears that he is alleging a violation of 42 U.S.C. § 12189 of Title III of the ADA. This section requires any "person that offers examinations or courses related to applications, licensing, certification, or credentialing for . . . professional, or trade purposes" to offer "such examinations or courses in a place and manner accessible to persons with

---

[3] To the extent Plaintiff alleges a claim under Title II of the ADA, this claim fails because he alleges no facts to show that Defendant is a public entity. 42 U.S.C. § 12131 (defining a "public entity" as a state or local government or a department of state or local government).

disabilities or offer alternative accessible arrangements." 42 U.S.C. § 12189.

### 1. Statute of Limitations

Courts "may raise the defense of limitations *sua sponte*." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). "[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed" under 28 U.S.C. § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *accord*, *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006).

Because Congress did not establish a limitations period for claims under Title III of the ADA, the "general rule" is that the courts borrow the most analogous limitations period from state law. *Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011). Texas's personal injury limitations period is generally applied to discrimination claims, including violations under the ADA and the Civil Rights Act, because most discrimination claims involve "injury to the individual rights of a person" and are analogous to personal injury tort claims. *See id.* (citing *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 661 (1987)); *see Tapp v. Univ. of Texas Health Scis. Ctr. at Houston-Sch. of Dentistry*, No. Civ. A. H-11-2971, 2011 WL 6339819, at *4 (S.D. Tex. Dec. 19, 2011), aff'd, 538 F. App'x 508 (5th Cir. 2013); *see also Hartline v. Nat'l Univ.*, No. 2:14-CV-0635-KJM-AC, 2015 WL 4716491, at *5 (E.D. Cal. Aug. 7, 2015) (finding that Title III claims were subject to the forum state's personal injury statute). Texas has a two-year statute of limitations for personal injury claims, so Plaintiff had two years from the date his claims accrued to file suit. *See* Tex. Civ. Prac. & Rem. Code § 16.003 ("[A] person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues.").

While state law determines the length of the limitations period, federal law determines the accrual date. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Walker v. Epps*, 550 F.3d 407, 414 (5th

Cir. 2008). Generally, a claim accrues when the plaintiff has "a complete and present cause of action," or "when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (citation and internal quotation marks omitted).

> "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" A plaintiff's awareness encompasses two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (citations omitted); *Walker*, 550 F.3d at 414.

Here, Plaintiff alleges that Defendant's failure to accommodate occurred on February 19, 2013. (doc. 2 at 1.) This is also the date that his claim accrued. *See Frame*, 657 F.3d at 237-39. His complaint was filed on March 18, 2015, more than two years later. (doc. 2.) His claims under Title III of the ADA are therefore time-barred in the absence of equitable tolling.

### 2.     *Equitable Tolling*

The applicable limitations period may be equitably tolled in appropriate circumstances. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "[W]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court. The federal court may disregard the state tolling rule only if it is inconsistent with federal policy." *See FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted). Equitable tolling preserves a plaintiff's claims where strict application of the statute of limitations would be inequitable. *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995). Federal law requires that litigants diligently pursue their actions before equitable tolling becomes available, however. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999); *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("equity is not intended for those who sleep on their rights"). The Fifth Circuit has stated that

equitable tolling is appropriate in cases where a plaintiff is either actively misled by the defendant or is prevented in some "extraordinary way" from asserting his rights. *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). A plaintiff has the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Plaintiff alleges that his claims should be considered timely because he filed a complaint with the EEOC on February 27, 2013, and received a "right to sue" letter on February 27, 2015, which granted him 90 days to file his ADA claims in the federal courts. (doc. 12 at 8-9.)

Unlike Title I, neither Title II nor Title III of the ADA requires that a plaintiff file an administrative complaint with the EEOC or otherwise exhaust state or federal administrative remedies before filing a lawsuit. *See Kirk v. Renal Associates, P.A.*, No. SA-07-CA-009-XR, 2007 WL 2048833, at *5 (W.D. Tex. July 16, 2007) (citing *Wyatt v. Liljenquist,* 96 F. Supp. 2d 1062, 1064 (C.D. Cal. 2000) and *Moyer v. Showboat Casino Hotel, Atlantic City,* 56 F. Supp. 2d 498, 501 (D. N.J. 1999)). Although the Fifth Circuit has not specifically addressed this issue in the context of Title III, it found in a similar Title II case that "if EEOC exhaustion was not required, the statute commenced running on the date that [plaintiff's] cause of action accrued" and is not equitably tolled pending the administrative proceedings. *Holmes v. Texas A&M Univ.*, 145 F.3d 681, 685 (5th Cir. 1998). Other courts have similarly held that because "Title III does not require the exhaustion of state remedies, the fact that [plaintiff first] pursued a claim before [an administrative board] does not toll the statute of limitations." *Smith v. City of Philadelphia*, 345 F. Supp. 2d 482, 488 (E.D. Pa. 2004) (citing *Burkhart v. Widener Univ.*, 70 F. App'x 52, 54-55 (3d Cir. 2003)); *see also Nase v. Bucks Cnty. Hous. Auth.*, No. 16-02417, 2016 WL 5390648, at *4 (E.D. Pa., Sept. 26, 2016) (explaining that if "a plaintiff is not required to exhaust administrative remedies before bringing a claim in federal court, the statute of limitations is not tolled"). Plaintiff's exhaustion of any claims

under Title I therefore does not provide a basis for equitable tolling. Neither ignorance of the law by a *pro se* litigant nor his lack of counsel constitutes cause for equitable tolling under these circumstances. *See Hunt v. Georgia Dept. of Cmty. Affairs*, 490 F. App'x 196, 197–99 (11th Cir. 2012) (equitable tolling not warranted when plaintiff "may have been ignorant of the relevant law, including her right to forgo the administrative process"). Plaintiff has not shown that equitable tolling is warranted, and any claim under Title III of the ADA should be dismissed as time-barred.

### IV. RECOMMENDATION

All claims against the defendant should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted.

**SO RECOMMENDED on this 24th day of October, 2016.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE